UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN KOLETIC BANKSTON,

    Plaintiff,

v.                                          CASE NO: 8:05-cv-1564-T-23TGW

ILLINOIS NATIONAL INSURANCE CO.,

    Defendant.

_____/

**ORDER**

    Lynn Koletic Bankston ("the plaintiff") sues Illinois National Insurance Company ("the defendant") for bad faith refusal to settle an underlying insurance claim (Doc. 2). Asserting federal jurisdiction based on diversity of citizenship, the defendant removes this action (Doc. 1) pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). The plaintiff moves (Doc. 6) to remand pursuant to 28 U.S.C. § 1447 and argues that the defendant's notice of removal is untimely under 28 U.S.C. § 1446(b). The defendant responds that removal on August 24, 2005, was timely because a July 25, 2005, response to a request for admissions provided the first indication that the case was removable (Doc. 7 at 3).

    Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(3). The parties dispute neither that the parties are "citizens of different States" nor that the amount in controversy exceeds $75,000, but only whether the defendant's removal was timely

under 28 U.S.C. § 1446(b), which allows for removal by a defendant within thirty days after service of the initial pleading.  The plaintiff served the defendant with the state court complaint on December 16, 2004, (Doc. 6 at 10) but the defendant waited until August 24, 2005, to file notice of removal (Doc. 1).  Because the federal removal statute is construed narrowly, the thirty-day deadline for removal under Section 1446 must be strictly applied.  Webster v. Dow United Techs. Composite Prods., Inc., 925 F.Supp. 727, 729 (M.D. Ala. 1996) ("Timely objection to a late petition for removal will therefore result in remand.").

The crucial inquiry is when the defendant should have "intelligently ascertained" that the case was removable.  Webster, 925 F.Supp at 729.  Florida law does not require a state court plaintiff to allege the citizenship of the parties in a complaint.  See Fla. R. Civ. P. 1.110(b).  The defendant claims that the plaintiff's failure to allege citizenship in the December 16, 2004, complaint precluded removal within thirty days (Doc. 7).  However, a plaintiff's mere failure to allege the parties' citizenship in the initial complaint does not prevent commencement of the thirty days for removal.  Crews v. National Boat Owners Assoc. Marine Ins. Agency, Inc., No. 2:05-CV-1057-MEF, 2006 WL 902269 (M.D. Ala. April 6, 2006); Kuhn v. Brunswick Corp., 871 F.Supp. 1444, 1446 (N.D. Ga. 1994); Richman v. Zimmer, Inc., 644 F.Supp. 540, 541-42 (S.D. Fla. 1986).  "[W]here the initial pleading is 'indeterminate' as to the parties' citizenship, 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.'"  Stokes v. Victory Carriers, Inc., 577 F.Supp. 9, 11 (E.D. Pa. 1983).

The defendant's disavowal of timely knowledge that the case was removable is curious for several reasons. Although the complaint fails to allege the plaintiff's citizenship, the defendant possessed numerous documents including an earlier offer to settle the underlying action, an incident report, a traffic crash report, and eight medical records or bills (Doc. 6 at 13), each of which suggested that the plaintiff was a Florida citizen. See DiMeglio v. Italia Crociere Internacionale, 502 F.Supp 316, 319 (S.D.N.Y. 1980) ("Defendant obviously knew its own citizenship and there was no reason why it could not have ascertained plaintiff's citizenship within a few days of receiving the summons and notice."). More importantly, the defendant had actual knowledge of the plaintiff's complaint in the underlying action, Bankston v. Illinois National Insurance Co., Case No. 6:01-cv-278-ORL-31DAB, in which the defendant, asserting federal diversity jurisdiction, filed a "Notice of Removal" on March 2, 2001. Bragg v. Kentucky RSA #9-10, Inc., 126 F.Supp.2d 448, 450 (E.D. Ky. 2001) (remanding in light of the defendants' actual knowledge of diversity jurisdiction "as a result of their interaction with Plaintiffs prior to the filing of this lawsuit"). Finally, the defendant's default on January 25, 2005, evidences the defendant's failure to conduct a diligent investigation into this action's removability. A reasonable inquiry by the defendant would have revealed the diversity of citizenship between the parties. See Carleton v. CRC Indus., Inc., 49 F.Supp.2d 961, 962 (S.D. Tex. 1999) (granting the plaintiff's motion to remand and refusing to convert a "bright line" removal rule into a "head-in-the-sand" rule).

The defendant also claims that the complaint failed to provide sufficient information for the defendant to ascertain whether the amount in controversy exceeded

the jurisdictional amount of $75,000.  The plaintiff's complaint seeks damages for the defendant's bad faith failure to settle a claim for the policy limit of $10,000.00, which resulted in an adverse judgment of $1,000,000.00 against the insured, a copy of which judgment is attached to the complaint (Doc. 2).  As a matter of law, the damages recoverable in a "bad faith" action include the amount of the judgment in excess of the policy limit.  McLeod v. Continental Insurance Co. v. Burger, 591 So.2d 621, 623 (Fla. 1992), *superceded on other grounds*, Time Insurance Co. v. Burger, 712 So.2d 389 (Fla. 1998).  Readily ascertainable on casual inspection of the complaint is a controversy of not less than $990,000.000.

Because the defendant could have "intelligently ascertained" that this action was removable when filed, the plaintiff's motion to remand (Doc. 6) is **GRANTED** and this action is **REMANDED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

Pursuant to 28 U.S.C. § 1447(c), the plaintiff's request for attorney fees and costs incurred as a result of untimely removal is **GRANTED**.  The court retains limited jurisdiction solely to determinine the amount of "costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The parties shall confer in a good faith effort to resolve, without the assistance of the court, the appropriate amount for costs and attorney fees.  If the parties fail to agree, the plaintiff may submit a motion, on or before **June 30, 2006**, requesting fees and costs pursuant to Rule 54(d)(2)(B), Federal Rules of Civil Procedure.

ORDERED in Tampa, Florida, on May 30, 2006.

                                                STEVEN D. MERRYDAY
                                                UNITED STATES DISTRICT JUDGE